## No. 14,019.

PEOPLE EX REL. ATTORNEY GENERAL v. NOLON.
(67 P. [2d] 76)

Decided April 5, 1937.

Mr. BYRON G. ROGERS, Attorney General, Mr. WALTER F. SCHERER, Assistant, for petitioner.

Mr. C. B. HORN, Mr. THEODORE A. CHISHOLM, Mr. CLARENCE L. IRELAND, for respondent.

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN original proceeding in disbarment.

It appears that respondent, a member of the Colorado bar, was elected to the office of state senator for the Thirtieth and Thirty-first General Assemblies; that in the Thirtieth Assembly he became chairman of the standing insurance committee of the Senate, and of an interim committee to act between the adjournment of the Thirtieth and the incoming Thirty-first Assemblies; that during the session of the Thirtieth Assembly the insurance committee gave attention to the activities of so-called mutual benefit associations, organized under the corporation not

for profit statute, and doing an insurance business of a kind, as said, but not submitting to the supervision of the insurance department of the state, and claiming to be exempt therefrom; that the legislative objectives, as seems, was to bring those associations under public control and supervision or ban them; that the investigation was not concluded at the adjournment of the Thirtieth Assembly, in contemplation whereof, the interim committee above mentioned, with respondent as chairman, was appointed to carry on between the sessions and make "a thorough and detailed investigation of any and all alleged unlawful, fraudulent, improper or unauthorized practices, transactions or business of any insurance company, or other concerns doing an insurance business in the state of Colorado, whether subject to the supervision of the Insurance Department or otherwise, * * * vested with all power and authority to hold hearings, to summon witnesses, to take testimony under oath to be administered by the chairman or any member of said committee, to assemble such records and documents as may in said committee's judgment be necessary, by subpoena duces tecum or otherwise, with the same power and authority as courts of record in hearing causes, as heretofore delegated" to the standing committee on insurance functioning while the Senate was in session.

It further appears that soon after the adjournment of the Thirtieth Assembly, five of the companies doing business as mutual benefit associations, or wishing to so engage, all being subject to investigation by the interim committee, namely, the Universal Protective Association, the National Temperance Aid Society, the Pacific National Life Association, the National Protective Union and the Guaranty Benefit Association, although each had and continued to have other counsel, severally retained and paid respondent to act as their attorney; that a former president of another such company, the International Service Union Company, who also had other counsel, em-

ployed and paid respondent as an attorney to represent and advise him in a controversy he was having with that company; that all those so employing respondent knew when they retained him that he was chairman of the interim committee charged with the investigation of the respective companies, and when he accepted the employment he was aware of such knowledge on the part of those retaining him; that of all the associations mentioned, none was examined by the interim committee save the one whose deposed president had employed respondent to oppose; that the summons to that company was issued by respondent, as chairman of the interim committee, and on his authority service thereof was made on its officers; that respondent's employment by the companies mentioned was largely due to the recommendation of the manager of still another mutual benefit association, an acquaintance of respondent's "since the beginning of the insurance investigation," and by which company respondent was subsequently employed.

 Petitioner contends that in accepting professional employment in the circumstances of the record, respondent violated those refinements of conduct which the occasion demanded, while respondent, not gainsaying the facts, maintains that no impropriety attended. Without pausing for extended analysis, we are disposed to the view of petitioner. A state senator who is a licensed attorney is not disqualified from practicing law during his term of office; but he is not absolved from the requirement of observing the proprieties of his profession. In situations not capable of exhaustive recital, proper resolves prompt attorneys to decline retainers. Here, we think, was an instance of tendered professional employment to have been instinctively rejected by the most unwary of attorneys; but respondent, lacking neither intelligence nor education, and favored above many, instead of giving pause, embraced that which caused him to offend. We cannot countenance such conduct.

Let it be ordered that respondent stand suspended from the practice of his profession until January 1, 1939.

MR. JUSTICE BOUCK and MR. JUSTICE KNOUS not participating.